UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTOPHER A. HENRY,

                Plaintiff,                **MEMORANDUM AND ORDER**
                                                                     23-CV-4321 (LDH) (JRC)

      -against-

ROBERT WHITE,

                Defendant.
-----------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

      Christopher A. Henry ("Plaintiff"), proceeding *pro se*, brings this action against Robert White ("Defendant"), alleging violations of his constitutional rights. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the limited purpose of this memorandum and order. For the reasons discussed below, however, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## BACKGROUND

      Plaintiff alleges that on February 1, 2023, in the emergency department of New York Presbyterian-Brooklyn Methodist Hospital, Defendant "put on the latex gloves on his hands, on the [w]rong side, means inside out, came behind me whipe [sic] the powder of the gloves in my left eye." (Compl. at 4, ECF No. 1.) Plaintiff states that he is now going blind in his left eye and seeks money damages. *Id.* at 4-5.

## STANDARD OF REVIEW

      A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing *pro se* complaints, the Court must hold the plaintiff's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). That is, to maintain a Section 1983 claim for violation of a constitutional right, a plaintiff is "required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003); *see also United States v. International Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").

Here, Plaintiff brings this claim under § 1983, yet Defendant is a private individual. (Compl. at 7.) In other words, Plaintiff has failed to plead the requisite "state action" to raise a claim under § 1983. *See Morse v. City of N.Y.*, No. 00–CV–2528, 2001 WL 968996, at *8 (S.D.N.Y. Aug.24, 2001) (even if a plaintiff is brought to a hospital from police custody, it is

2

insufficient to transform a private hospital and staff into state actors for § 1983 purposes). Accordingly, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted.

Moreover, although leave to replead should be liberally granted to *pro se* litigants, "amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Plaintiff cannot bring any § 1983 claim against Defendant as a private individual, the Court finds that granting leave to amend here would be futile and declines to do so.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED. Further, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith; thus *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of Court is respectfully directed to enter judgment dismissing the action and mail a copy of this Memorandum and Order and judgment to the *pro se* Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       February 12, 2024  L<small>A</small>SHANN D<small>E</small>ARCY HALL
       United States District Judge

3